ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **MARÍA DE LOURDES ROBLES MORALES, ET. ALS.** <br> DEMANDANTE(S)- APELANTE(S) <br><br><br> V. <br><br><br> **TOUMA & TAVERAS, INC.; TRANS-OCEANIC LIFE INSURANCE; Y UNIVERSAL LIFE INSURANCE, CO.** <br> DEMANDADA(S)-APELADA(S) | **TA2025AP00006** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN** <br><br> Caso Núm. <br> **D AC2009-1225 (504)** <br><br> Sobre: <br> Incumplimiento de Contrato; Cobro de Dinero; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.[1]

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 11 de diciembre de 2025.

Comparece ante este Tribunal de Apelaciones, la señora **MARÍA DE LOURDES ROBLES MORALES** (señora **ROBLES MORALES**) mediante *Apelación* incoada el 16 de junio de 2025. En su escrito, nos solicita que revisemos la *Sentencia Parcial* decretada el 29 de enero de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[2] En dicha decisión, el foro apelado prescribió el archivo, sin perjuicio, de la *Demanda* interpuesta por la señora **ROBLES MORALES**, ante el hecho de que se ha acogido a un procedimiento de quiebra ante el Tribunal de Quiebras de los Estados Unidos del Distrito de Puerto Rico.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre Designación de Paneles en el Tribunal de Apelaciones.

[2] Este dictamen judicial fue reducido a escrito el 21 de febrero de 2025, y notificado y archivado en autos el 26 de febrero de 2025. Apéndice de la *Apelación*, entrada núm. 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

Este caso versa sobre una reclamación concerniente al cobro de comisiones y sobrecomisiones adeudadas entablada por un grupo de exagentes o productores de seguros contra las compañías UNIVERSAL LIFE INSURANCE COMPANY (UNIVERSAL) y TRANSOCEANIC LIFE INSURANCE COMPANY (TOLIC).[3] Ello por servicios prestados a UNIVERSAL desde el año 1999 hasta el mes de abril de 2008, cuando está vendió su cartera de pólizas de cáncer y otras enfermedades temidas a la compañía TOLIC.

Así las cosas, el 24 de septiembre de 2018, la señora ROBLES MORALES presentó una *Tercera Demanda Enmendada* sobre incumplimiento de contrato y cobro de dinero.[4]

Posteriormente, el 17 de septiembre de 2024, TOLIC y UNIVERSAL presentaron una *Moción Conjunta de Desestimación Parcial* dilucidando que habían advenido en conocimiento de que el 19 de octubre de 2023, la señora ROBLES MORALES instó una tercera *Petición de Quiebras* bajo el Capítulo 13 ante el Tribunal de Quiebras de los Estados Unidos del Distrito de Puerto Rico y la misma tiene asignada el número: 23-03390-ESL13.[5] Ante ello, el Tribunal *a quo* no tenía jurisdicción para continuar atendiendo la causa de acción de la señora ROBLES MORALES.

Por su parte, el 18 de septiembre de 2024, TOLIC presentó su *Moción de Desistimiento Parcial* esgrimiendo que ante la presentación de la tercera petición de quiebra procedía que desistiera, sin perjuicio, de su reconvención

---

[3] Las partes demandadas presentaron sus respectivas alegaciones responsivas que incluyeron reconvenciones, demandas co-parte y reconvenciones co-parte entre las partes.

[4] Apéndice de la *Apelación*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[5] *Íd.*, entradas núm. 3, 4 y 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

enmendada por la falta de *jurisdicción* para ventilar su reclamo contra la señora **ROBLES MORALES**.[6]

Después, el 26 de noviembre de 2024, la señora **ROBLES MORALES** presentó su *Moción en Oposición a Moción Conjunta de Desestimación por Presentación de Quiebra, María de Lourdes Robles Morales.*[7] En la misma, planteó que su *Demanda* antecede su petición de quiebra; no se activa la paralización automática de la sección 362 del Código de Quiebras ni hay privación de *jurisdicción*.

El 3 de enero de 2025, **UNIVERSAL** y **TOLIC** presentaron *Réplica Conjunta a Moción en Oposición a Moción Conjunta de Desestimación por Presentación de Quiebra de Codemandante María de Lourdes Robles Morales y Falta de Jurisdicción de este Honorable Tribunal.*[8] Acotaron que todos los bienes y reclamaciones de la señora **ROBLES MORALES** pertenecen al caudal bajo la administración del síndico quien debe comparecer o autorizar proseguir con esta acción. Al poco tiempo, el 4 de febrero de 2025, la señora **ROBLES MORALES** presentó su *Dúplica a Réplica a Moción en Oposición a Moción de Desestimación por Presentación de Quiebra.*[9] En consecuencia, el 29 de enero de 2025, se determinaron la *Resolución #3* y la *Sentencia Parcial* apelada.

En desacuerdo, el 13 de marzo de 2025, la señora **ROBLES MORALES** presentó *Moción de Reconsideración sobre Resolución #3 (Sentencia Parcial de Archivo).*[10] Razonó que mantiene el control de su caudal y está legitimada para continuar las reclamaciones en beneficio del patrimonio. El 25 de marzo de 2025, **TOLIC** y **UNIVERSAL** presentaron *Oposición Conjunta a Moción de*

---

[6] Apéndice de la *Apelación*, entrada núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[7] *Íd.*, entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] *Íd.*, entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[9] Apéndice de la *Apelación*, entrada núm. 9 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[10] *Íd.*, entrada núm. 14 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

*Reconsideración sobre Resolución #3 Sentencia Parcial de Archivo*.[11] Por consiguiente, el 9 de mayo de 2025, se concretó *Órdenes* en la cual, entre otras cosas, se declaró sin lugar la *Moción de Reconsideración sobre Resolución #3 (Sentencia Parcial de Archivo)*.[12]

Inconforme, el 16 de junio de 2025, la señora **ROBLES MORALES** acudió ante este foro intermedio revisor mediante *Apelación* señalando el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia al desestimar sin perjuicio la reclamación judicial de la parte apelante, a pesar de que no se daban los elementos para que aplicara la paralización automática.

El 25 de junio 2025, pronunciamos *Resolución* en la cual se concedió un término perentorio de treinta (30) días a **TOUMA &TAVERAS; TOLIC** y **UNIVERSAL** para presentar su alegato. El 28 de julio de 2025, **TOLIC** presentó su *Alegato en Oposición a Apelación*.

El pasado 18 de diciembre, la señora **ROBLES MORALES** presentó *Moción sobre Desistimiento* aduciendo que el 26 de noviembre de 2025, las partes presentaron una *Moción Conjunta Solicitando Archivo con Perjuicio de Reclamaciones por Razón de Transacción*. Apuntala que desiste del recurso bajo la Regla 8[3] del Reglamento del Tribunal de Apelaciones.

- II -

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre *desistimiento y desestimación*, en su inciso (A) faculta a la parte promovente de un recurso presentar en cualquier momento un aviso de desistimiento.[13] En conformidad con la Regla 83 (A) del Reglamento del Tribunal de Apelaciones, y en consideración a la *Moción sobre Desistimiento* presentada el 18 de diciembre de 2025 por la señora **MARÍA DE LOURDES ROBLES MORALES**,

---

[11] Apéndice de la *Apelación*, entrada núm. 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[12] *Íd*., entrada núm. 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[13] Dicho inciso lee: *"Regla 83 — Desistimiento y desestimación (A) La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento"*. Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115- 116, 215 DPR ____ (2025).

*damos por desistida*, con perjuicio, la *Apelación* instada el 16 de junio de 2025 por la señora **MARÍA DE LOURDES ROBLES MORALES**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones